**MASSOOD & BRONSNICK, LLC**
50 Packanack Lake Road East
Wayne, New Jersey 07470-6663
(973) 696-1900
Attorneys for: Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o MARY AGNELLO,<br><br>Plaintiff(s),<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; YWCA OF BERGEN COUNTY; ABC CORP. (1-10) (Said names being fictitious and unknown entities),<br><br>Defendant(s), | CIVIL ACTION NO.: 2:12-cv-02378-DMC-JAD<br><br>**AMENDED COMPLAINT** |

The Plaintiff, Montvale Surgical Center, LLC., a/s/o Mary Agnello, by way of Amended Complaint against Defendants says:

**THE PARTIES**

1. Plaintiff, Montvale Surgical Center, LLC. (hereinafter referred to as "MSC" or "Plaintiff") is an outpatient Ambulatory Surgery Center (ASC) where minimally invasive pain management and podiatry procedures are performed, having its office located at 6 Chestnut Ridge Road, Montvale, NJ 07645. At all relevant times, the Plaintiff was an "out-of-network" medical practice that provided various surgical services to subscribers enrolled in the healthcare plans of Defendant.

2. Defendant YWCA of Bergen County. (hereinafter referred to as "YWCA") is a

part of a federated organization made up of local and nation organizations in voluntary association which actively seeks customers from New Jersey and is located at 2 University Plaza, Suite 208, Hackensack, New Jersey 07601.

3. YWCA conducts business in every county in the State of New Jersey, including Bergen County, and venue was properly laid in Bergen County.

4. YWCA maintains a self-funded health insurance plan for its employees and their participating family members.

5. Mary Agnello (hereinafter referred to as "Agnello") is a citizen of the United States residing at 830 Arbor Road, Paramus, NJ 07652 and is a subscriber to a plan of group health insurance issued to employees and their participating family members by YWCA.

6. Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc. (hereinafter referred to as "Horizon") is an insurance company authorized to transact insurance business throughout the State of New Jersey, which actively solicits customers from New Jersey, and is headquartered at 975 Raymond Boulevard Newark, NJ 07105.  Horizon is a managed care company consisting of several healthcare plans providing healthcare coverage and third party administration to its subscribers for both "in-plan" and "out-of-network" medical services.

7. Plaintiff received a written Assignment of Benefits agreement from Agnello, the aforementioned Horizon/YWCA subscriber, of her contractual rights under the policy of group health insurance issued by Horizon/YWCA and thus, has standing to bring a civil action against Horizon/YWCA.

**SUBSTANTIVE ALLEGATIONS**

8. Horizon/YWCA operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Horizon/YWCA provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

9. Specifically, in this case, the Plaintiff provided the treating doctors and facility, a high-level ambulatory surgery center, for the medical procedures administered to Agnello. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Horizon/YWCA.

10. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

11. In each instance, prior to Plaintiff rendering services, Horizon/YWCA agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently, in each instance, Plaintiff reasonably believed and relied upon Horizon/YWCA's express or implied representations that Plaintiff would be paid

the UCR fee and it was on that basis, Plaintiff agreed to render the services.

12. Plaintiff submitted a bill to Defendant, Horizon/YWCA, based on the reasonable and customary charges for its services, in the amount of $8,400.00. Horizon/YWCA approved an allowed amount of $459.00 and issued payment to Plaintiff in the amount of $321.30. Horizon/YWCA issued an Explanation of Benefits ("EOB") indicating that Agnello was responsible for $137.70 and that the remaining balance of $8,078.70 was not allowed.

13. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $8,078.70.

14. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal, because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

15. Defendant has not issued any further payments to Plaintiff.

16. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

## FIRST COUNT
## (Violation of ERISA)

17. MSC repeats and re-alleges all prior allegations as though fully set forth herein.

18. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

19. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Horizon/YWCA and/or Horizon/YWCA's designated third-party administrator and/or agent under ERISA.

20. Horizon/YWCA is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

21. Horizon/YWCA is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

22. Horizon/YWCA's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

23. MSC received assignment of benefits from Agnello which had "out of network" benefits for surgery under his plan or insurance agreement with or administered by Horizon/YWCA through which Agnello assigned to MSC, *inter alia*, the individual Patients' right to receive payment directly from Horizon/YWCA for the services that the patient received from MSC.

24. The Assignment of Benefits that MSC received from Agnello confers upon MSC's status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

25. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), MSC is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

26. MSC has sought payment of benefits under the applicable Patients' plans and Horizon/YWCA has refused to make payment to MSC for the medical services rendered to the Agnello.

27. The denial of Agnello's claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

28. The form and basis of the denial of the Agnello's claims are insufficient and not in compliance with ERISA.

29. MSC is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

30. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

31. MSC repeats and re-alleges all prior allegations as though fully set forth herein.

32. Horizon/YWCA has an obligation to supply all documents used in making any claims determination.

33. Horizon/YWCA has an obligation to explain its determination regarding the denial of claims.

34. Horizon/YWCA has a duty to provide MSC a full and fair hearing on the claims determination.

35. Horizon/YWCA is a fiduciary under ERISA.

36. Horizon/YWCA determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

37. Horizon/YWCA violated its fiduciary duty to the Agnello and MSC as assignee of Agnello.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

Massood & Bronsnick, LLC
Attorneys at Law

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT

38. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

39. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

**DESIGNATION OF TRIAL COUNSEL**

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

                                      MASSOOD & BRONSNICK, LLC.
                                      Attorneys for Plaintiffs

                                      s/ Andrew R. Bronsnick

                     BY: _____
                          ANDREW R. BRONSNICK, ESQ.

Dated: September 14, 2012
f:\wp51\majormed\montvale surgical center\agnello\amended complaint--draft.docx