**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONTVALE SURGICAL CENTER a/s/o M.A., | CIVIL ACTION NO.: 2:12-cv-02378-DMC-JAD |
| Plaintiff(s), | |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; YWCA OF BERGEN COUNTY; ABC CORP. (1-10) (Said names being fictitious and unknown entities), | |
| Defendant(s), | |

PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

On the Brief and Of Counsel:

Andrew R. Bronsnick, Esq.

**PRELIMINARY STATEMENT**

Plaintiff, Montvale Surgical Center, LLC under an assignment of benefits from M.A. and through its undersigned counsel, submit this memorandum of law in opposition to the Motion for Summary Judgment (the "Motion") submitted by defendant Horizon Blue Cross Blue Shield of New Jersey, LLC. ("Horizon"). For the reasons set forth below, the Court should deny the Motion in its entirety.

Plaintiff, an out-of-network ambulatory surgical center asserts the right to recover payment for a right sacroiliac joint injection with fluoroscopic guidance. The injection was performed on M.A. and partial payment was made to Plaintiff based upon Horizon's alleged "allowance" of 70% for out of network providers.

The gravamen of the Amended Complaint is that Horizon has failed to pay the Plaintiffs pursuant to the usual and customary rate for this medically necessary procedure. Plaintiff is entitled to charge its usual and customary fee for the medical procedure at issue. In response to the bill submitted by Plaintiff, Horizon simply determined that $459.00 would be "allowed" for the CPT codes at issue, without any specific information on the method of its determination. Although Plaintiff would not necessarily be subject to a fee schedule, the governing plan does not contain a fee schedule or any reference to a database used for determining payments. Defendant's Memorandum of Law in Support of Motion for Summary Judgment, Exhibit A. Further, the responses to Plaintiff's appeals failed to establish any basis for Horizon's determination. Def. Mem., Exhibits D and F, respectively. The Amended Complaint alleges that Horizon did not provide a proper response to the appeals submitted by the Plaintiffs and did not provide an explanation for its determinations. In addition, Horizon never provided a copy of the

Summary Plan Description to the Plaintiffs despite their request for same. Def. Mem., Exhibit E.

## I.

### RESPONSE TO STATEMENT OF MATERIAL FACTS

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted to the extent the plan speaks for itself. Denied that the member should be responsible for all amount exceeding the "allowance" determined by Horizon if the amount is not reasonable.

10(#2). Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted to the extent the document speaks for itself.

17. Admitted to the extent the document speaks for itself. Denied that Horizon provided an adequate response to Plaintiff's first level appeal.

18. Admitted.

19. Admitted to the extent the document speaks for itself. Denied that Horizon has a specific reimbursement policy upon which the determination was made.

20. Admitted.

21. Admitted.

22. Admitted that the Explanation of Benefits indicates the statement. Denied that the member should be responsible for the balance of $8,078.70.

23. Admitted.

24. Admitted.

25. Admitted.

## LEGAL ARGUMENT

### I.

### SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." Natale v. Camden County Correctional Facility, 318 F.3d 575, 580 (D.NJ. 2003). The moving party has the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. In reviewing the record, the court is "required to view the inferences to be drawn from the underlying facts in the light most favorable to [the non-moving party]." Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004). The non-moving party's allegations must be taken as true "when supported by proper proofs whenever these allegations conflict with those of [the moving party]." Id. The motion should only be granted if, "viewing the evidence in the light most favorable to the nonmoving party, there is no question of material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (internal quotations omitted).

## II.

## THE AMENDED COMPLAINT

## STATES CLAIMS UNDER ERISA

**A. The Facts Show that Horizon Has Acted in Violation of ERISA**

Under ERISA 502(a)(1)(B):

(a) A civil action may be brought

(1) by a participant or beneficiary

(b) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan 29 U.S.C. § 1132(a)(1)(B).

The standard to establish whether the parameters of the ERISA governed health plan are controlling, is whether the determination of a reasonable usual and customary rate (UCR) was arbitrary and capricious. A plan administrator's decision is arbitrary and capricious if "it is clearly not supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan." Orvosh v. Program of Group Ins. For Salaried Employees of Volkswagen of Am. Inc., 222 F.3d 123, 129 (3d Cir. 2000).

The Amended Complaint alleges that Horizon issued payment for injection procedures far below the usual and customary rate (UCR). The Amended Complaint further sets forth that Plaintiff was the facility wherein the injection procedures were performed. Plaintiff received an assignment of benefits from the patient and submitted several requests by way of a first and second level appeal for additional reimbursement to Horizon. Horizon responded to both appeals without any explanation for the method used to determine the reasonable and customary fee. Horizon maintains that the reimbursement issued is reasonable under the terms of the health

insurance plan; therefore its determination of the "allowed" amount is not arbitrary and capricious.  However, the Plan is completely silent on the methodology utilized to calculate a reasonable UCR.  There is no fee schedule.  There is no information naming any sources relied upon.  There is no indication whatsoever how Horizon arrived at its determination that the payment made was reasonable and customary, other than simply saying that was the case.

For example, Horizon could have relied upon outdated data or applied improper reimbursement methods, which would lend itself to an arbitrary and capricious UCR determination.  Without full disclosure regarding Horizon's methodology utilized to determine the UCR in this matter, Horizon's decision to make the payment issued and uphold its decision is unreasonable. In short, there is no basis for the decision, other than Horizon's arbitrary decision to allow $459.00 for the CPT code at issue.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully submit Defendant's Motion to Dismiss Plaintiffs Complaint should be denied.

        **MASSOOD & BRONSNICK, LLC**
        **Attorney for Plaintiff**

        **By:** _____
          **ANDREW R. BRONSNICK**

Dated:  February 19, 2013