IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o M.A., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br> Defendants. | CIVIL ACTION NO.: 12-2378-DMC-JAD |

**DEFENDANT HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO HORIZON'S MOTION FOR SUMMARY JUDGMENT**

Connell Foley LLP
*Attorneys for Defendant Horizon*
*Blue Cross Blue Shield of New Jersey*
Liberty View
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
(856) 317-7100

*Of Counsel*:
Edward S. Wardell, Esquire

*On the Brief*:
Matthew A. Baker, Esquire

## TABLE OF CONTENTS

|     |     | PAGE |
| --- | --- | --- |
| I.  | INTRODUCTION | 4 |
| II. | STATEMENT OF FACTS | 4 |
|     | A. Plaintiff's Claim | 4 |
|     | B. Horizon's Discretion Under the Terms of the ERISA-Governed Plan | 5 |
|     | C. The Administrative Record for the Appeals of the Claims at Issue | 5 |
| III. | LEGAL ARGUMENT | 6 |
|     | A. Plaintiff Has Improperly Stated the Standard of Review | 6 |
|     | B. Plaintiff Has Failed to Establish that Horizon's Benefit Determination was Arbitrary and Capricious Based on the Applicable Administrative Record | 7 |
|     |    1. Plaintiff Has Failed to Demonstrate that Horizon Has Acted in Violation of ERISA | 7 |
|     | C. Horizon is Entitled to Reasonable Attorney's Fees and Costs | 9 |
| CONCLUSION | | 10 |

2868775-01

# TABLE OF AUTHORITIES

**Cases**

Conkright v. Frommert, 130 S. Ct. 1640 (2010) ...................................................................8

Howley v. Mellon Fin. Corp., 625 F.3d 788 (3d Cir. 2010) ............................................6, 7

Kimber v. Thiokol Corp., 196 F.3d 1092 (10th Cir. 1999) ...................................................8

McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.,
    33 F.3d 253 (3d Cir. 1994) ..............................................................................................9

Shapiro v. Metro. Life Ins. Co., Civ. A. No. 08-6204, 2010 WL 1779392
    (D.N.J. Apr. 30, 2010) (Pisano, J.) ..................................................................................6

Surgicore, Inc. v. Trustmark Ins. Co., No. 02 C 0971, 2004 U.S. Dist.
    LEXIS 632 (N.D. Ill. Jan. 15, 2004) ................................................................................8

**Rules**

29 U.S.C. §1001 .....................................................................................................................4

29 U.S.C. §1132(g) ................................................................................................................9

2868775-01

## I. INTRODUCTION

Plaintiff Montvale Surgical Center ("Plaintiff") brought this action against Horizon Blue Cross Blue Shield of New Jersey ("Horizon") as the assignee of M.A. to recover benefits for sacroiliac injections under fluoroscopic guidance rendered to M.A. on or about March 8, 2010. M.A. received coverage under a health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"). Horizon seeks summary judgment on the basis that Horizon properly processed the claims at issue, determined the allowed amount to be reimbursed pursuant to the terms of the Plan, and upheld this determination on multiple appeals. Plaintiff opposed Horizon's motion for summary judgment on the basis that "Horizon has acted in violation of ERISA." Horizon submits this reply brief in further support of its motion for summary judgment.

## II. STATEMENT OF FACTS

The facts on which Horizon's motion for summary judgment is based are not in dispute.

### A. Plaintiff's Claim

Plaintiff is an out-of-network provider that does not have a contract with Horizon. (Horizon's Motion for Summary Judgment, Statement of Facts, ¶ 4). Plaintiff is bringing this action as the alleged assignee of M.A., to recover benefits for sacroiliac injections under fluoroscopic guidance allegedly rendered to M.A. on or about March 8, 2010. (SOF, ¶ 10). M.A. received coverage under a health benefit plan sponsored by her employer, the YWCA of Bergen County and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 ("ERISA"). (SOF, ¶ 5).

Plaintiff submitted charges in the amount of $8,400 for the services rendered to M.A. on March 8, 2010. (SOF, ¶ 11). Under the terms of the Plan, Horizon determined the allowed amount to be $459. (SOF, ¶ 12). Horizon issued payment on this claim in the amount $321.30.

(SOF, ¶ 13). The patient M.A.'s coinsurance was 137.70 and the remaining balance was not allowed. (SOF, ¶ 22).

### B. Horizon's Discretion Under the Terms of the ERISA-Governed Plan

Under the terms of the Plan, Horizon is given discretion to determine the allowed amount to be paid to out-of-network providers. (SOF, ¶ 6, 7). Specifically, as per the clear terms of the Plan, allowance for an out-of-network provider is defined as:

> the amount determined for the service or supply based on the Resource Based Relative Value System Promulgated by the Centers for Medicare and Medicaid Services; or ... an amount determined for the service or supply based on: (i) profiles complied by Horizon BCBSNJ based on the usual and prevailing payments made to providers for similar services or supplies in specific geographical areas; or (ii) similar profiles compiled by outside vendors.

(SOF, ¶ 6, 7). The Plan explicitly precludes from coverage "any part of a charge that exceeds the allowance." (SOF, ¶ 6, 7). The Plan is clear that "services and supplies provided by an Out-of-Network provider are covered at the Out-of-Network level." (SOF, ¶ 8). The schedule of covered services and supplies shows that Horizon reimburses out-of-network providers at 70% of covered charges. (SOF, ¶ 9).

In this instance, Horizon determined the allowed amount for the services at issue to be $459.00. (SOF, ¶ 12). Pursuant to the Plan, Horizon made payment at 70% of the allowed amount for a total payment of $321.30. (SOF, ¶ 13). The patient, M.A., was responsible $137.70 in coinsurance. (SOF, ¶ 22).

### C. The Administrative Record for the Appeals of the Claims at Issue

Plaintiff submitted two (2) appeals to Horizon allegedly challenging the benefit determination in this matter. (SOF, ¶ 14, 18). Neither of these appeals contained any

5

information explaining how Plaintiff calculated their charges for the claims at issue. (SOF, ¶ 14, 18). Plaintiff's appeal simply stated "we are a non-participating ambulatory surgical center and are not held to fee schedules." (SOF, ¶ 14, 18). Plaintiff's appeal further stated "non-participating provider charges are reimbursed based on R&C (Reasonable & Customary) fees determined by our geographic location. (SOF, ¶ 14, 18). Horizon's allowance of $321.20 was considerably less than R&C." (SOF, ¶ 14, 18). Neither of Plaintiff's appeals provided any evidence to support these conclusory statements that the claims at issue were not properly reimbursed under the terms of the Plan. (SOF, ¶ 14, 18).

### III. LEGAL ARGUMENT

#### A. Plaintiff Has Improperly Stated the Standard of Review

Plaintiff erroneously contends, in their opposition, that the "standard to establish whether the parameters of the ERISA governed health plan are controlling, is whether the determination of a reasonable and customary rate (UCR) was arbitrary and capricious." (Plaintiff's Opposition, ¶ 6). However this analysis is clearly misplaced; clearly the "parameters" of the Plan control the determination. The arbitrary and capricious standard instead applies to the administrator's determination of benefits. Where a claim administrator's actions fall within the language of the plan, the actions are not arbitrary or capricious as a matter of law and, instead a court must defer to the claim administrator. Shapiro v. Metro. Life Ins. Co., Civ. A. No. 08-6204, 2010 WL 1779392 (D.N.J. Apr. 30, 2010) (Pisano, J.). Furthermore, a court "may not substitute its own judgment as to the interpretation of the plan where this heightened standard is deemed appropriate." Id. at *4-5. In this instance, it is clear that under the terms of the Plan, Horizon is granted authority to "determine" the allowed amount for out-of-network providers. Therefore, Horizon's benefit determination will only be reviewed for abuse of discretion. Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010)(internal citations omitted).

### B. Plaintiff Has Failed to Establish that Horizon's Benefit Determination was Arbitrary and Capricious Based on the Applicable Administrative Record

Plaintiff failed to produce, either on appeal or in their opposition to Horizon's motion for summary judgment[1], any evidence to support its bald assertion that "Horizons allowance of $321.20[2] was considerably less than R&C." As such, Plaintiff is unable to illustrate that Horizon's benefit determination was arbitrary and capricious and as such, Horizon is entitled to summary judgment.

#### 1. Plaintiff Has Failed to Demonstrate that Horizon Has Acted in Violation of ERISA

Plaintiff's opposition argues that "the facts show that Horizon has acted in violation of ERISA." Plaintiffs fail to provide any factual or legal support for this position. Plaintiff argues that Plaintiff "submitted several requests by way of a first and second level appeal for additional reimbursement to Horizon." Plaintiff further argues that "Horizon responded to both appeals without any explanation for the method used to determine the reasonable and customary fee." In support of their position, Plaintiff cites ERISA 502(a)(1)(B), which states that a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan.

Plaintiff's position that Horizon has violated ERISA ignores the administrative record in this matter. In their appeals to Horizon, Plaintiff's failed to present any evidence supporting their charges in this matter, or any basis which would entitle them to increased reimbursement

---

[1] Plaintiff is precluded from now producing evidence in an attempt to illustrate that Horizon's determination was "arbitrary and capricious." This is because a "court reviewing an ERISA plan administrator's coverage decision must look only to the evidence before the administrator at the time the decision was made," because only the materials considered by the administrator are relevant to the analysis of whether the decision rendered was or was not "arbitrary and capricious." Howley v. Mellon Fin. Corp., 625 F.3d 788, 793 (3d Cir. 2010). However, in failing to provide, in their opposition, any support for the charges submitted, Plaintiff only illustrated just how baseless their claims in this matter are.

[2] Horizon's allowance was not $321.30. Horizon's allowance was $459 which they paid at 70% as per the terms of the Plan. This miscalculation of the allowed amount by Plaintiff calls into question whether they are seeking patient responsibility incurred with the claim at issue, or waiving the patient responsibility as an inducement to attract patients and provide incentive to use Plaintiff's facility, as opposed to an in-network provider.

for the claims at issue. Plaintiff simply relied on a conclusory statement that reimbursement was made at "considerably less than R&C." Plaintiff did not provide any justification to support the reasonableness or their charges or that they were entitled to increased reimbursement. Furthermore, Horizon properly responded to the appeals and noted that "in October of 2004, HBCBSNJ updated the out-of-network allowance for reimbursement of non-participating ambulatory surgery centers" and in doing so that Horizon "engaged a nationally recognized consulting firm specializing in healthcare matters to research and develop the updated allowance." Plaintiff failed to specifically challenge the determination or give any justification as to why the allowance as determined by Horizon was incorrect. No database or calculation method was provided evidencing how Plaintiff determined its charges. This lack of justification is fatal to Plaintiff's claims in this matter. See Surgicore, Inc. v. Trustmark Ins. Co., No. 02 C 0971, 2004 U.S. Dist. LEXIS 632, at *12-*13 (N.D. Ill. Jan. 15, 2004) (granting summary judgment to the plan administrator and noting that the plan administrator's benefit determination was not arbitrary and capricious where the provider failed to provide any "justification for increasing the [allowed] amount"); See also Kimber v. Thiokol Corp., 196 F.3d 1092, 1098 (10th Cir. 1999) ("The reviewing court need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low");

  Even if Plaintiff had presented some evidence to justify a finding that Horizon may have violated the terms of the Plan, the proper remedy would be a remand to Horizon for a recalculation of UCR under a reasonable methodology within Horizon's discretion. See Conkright v. Frommert, 130 S. Ct. 1640, 1646 (2010) (rejecting the "one-strike-and-you're-out" approach to plan interpretation and allowing the plan administrator, rather than the court, to choose the methodology of calculation on remand). Frommert forecloses any argument that this

Court should order the payment of billed charges upon a finding that Horizon's determination of the allowed amount was unreasonable.

### C. Horizon is Entitled to Reasonable Attorney's Fees and Costs

In their opposition to Horizon's motion for summary judgment, Plaintiff failed to oppose Horizon's argument that they are entitled to reasonable attorney's fees and costs pursuant to ERISA, 29 U.S.C. §1132(g). Horizon again reiterates its position that it is entitled to reasonable attorney's fees and costs, as Plaintiff knew or should have known it has no colorable claim against Horizon. McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253 (3d Cir. 1994).

Plaintiff has failed to argue in its opposition that it provided any information on appeal on which Horizon could rely upon to change its initial benefit determination. Plaintiff twice appealed the benefit determination in this matter, and then filed this action. Plaintiff failed, in either the appeals submitted, their complaint, or in their opposition to Horizon's motion for summary judgment provide any information as to how they calculated their charges for the claims at issue in this matter. Plaintiff, an alleged sophisticated medical provider, should be aware from a review of its appeals in this matter that it failed to provide any information supporting its claims in this matter and that said claims would fail as a matter of law. As Plaintiff knew or should have known that its claims lacked legal merit, Horizon is entitled to an award of reasonable attorney's fees and costs.

## **CONCLUSION**

For all the forgoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey respectfully requests that this Court grant summary judgment in favor of Horizon and dismiss Plaintiffs' complaint with prejudice.

 

CONNELL FOLEY LLP
*Attorneys for Defendant Horizon
Blue Cross Blue Shield of New Jersey*

BY: _____
Edward S. Wardell, Esquire
Matthew A. Baker, Esquire

DATE: March 11, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o M.A., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br> Defendants. | CIVIL ACTION NO.: 12-2378-DMC-JAD |

## CERTIFICATE OF SERVICE

I, Jaime M. Macri, of full age, hereby certify that the within Reply to Plaintiff's Brief in Opposition of Horizon's Motion for Summary Judgment has been filed with the Clerk within the time and in the manner prescribed by the Rules of Court and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

Andrew R. Bronsnick, Esquire
Massood & Bronsnick, LLP
50 Packanack Lake Road
Wayne, NJ 07470

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Jaime Macri*
Jaime M. Macri

Date: March 11, 2013

2870450-01