NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| MONTVALE SURGICAL CENTER, a/s/o MARY AGNELLO<br><br>Plaintiff(s),<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; YWCA OF BERGEN COUNTY; ABC CORP. (1-10) (Said names being fictitious and unknown entities).<br><br>Defendant(s). | Hon. Dennis M. Cavanaugh<br><br>OPINION<br><br>Civil Action No. 12-cv-2378 (DMC) (JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Horizon" or "Defendant") Motion for Summary Judgment. (Def.'s Mot. Br., Jan. 10, 2013, ECF No. 12). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After careful consideration of the parties' submissions, and based upon the following, the Court finds that Horizon's Motion for Summary Judgment is **granted**.

I. **BACKGROUND**

Horizon filed this Motion for Summary Judgment against Plaintiff Montvale Surgery Center, LLC ("MSC") requesting an Order to dismiss MSC's Complaint, which seeks to recover benefits for sacroiliac injections administered to one of its subscribers to a plan of group health

1

insurance on or about March 8, 2010. (Def.'s Br. 1). Horizon argues that its Motion for Summary Judgment should be granted because it: (a) properly processed the claims at issue, (b) determined the allowed amount to be reimbursed under the terms of the employee benefit plan, and (c) affirmed this determination on multiple appeals. (Def.'s Reply Br., March 11, 2013, ECF No. 20).

Horizon is a not-for-profit health service corporation organized under the laws of the state of New Jersey that, among other things, provides and administers health benefits for participants and beneficiaries of employee health benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Def.'s Mot. 1).

MSC is an outpatient ambulatory surgery center ("ASC") that performs minimally invasive pain management and podiatry procedures at its facility located in Montvale, New Jersey, 07645. (Am. Compl. ¶ 1, Sept. 14, 2012, ECF No. 8). MSC is the alleged assignee of Mary Agnello ("Agnello"), a patient who received sacroiliac injections from doctors at MSC under an employee health benefit plan (the "Plan") sponsored by her employer, the YWCA of Bergen County, and administered by Horizon. (Def.'s Mot. 1-2).

MSC submitted a bill to Horizon in the amount of $8,400.00 for Agnello's medical procedure. (Id., Exh. B). Horizon allowed $459.00 and reimbursed MSC for $321.30 based on the rate applicable to out-of-network providers at 70-percent of covered charges. (Id., Exhs. A, B). The explanation of benefits ("EOB") form supplied by Horizon provides that Agnello was responsible for $137.30 and the remaining balance of $8,078.70 was disallowed. (Id., Exh. B). MSC appealed Horizon's benefit determination by letters dated September 29, 2010 (id., Exh. C) and November 30, 2010 (id., Exh. E) (collectively, the "Appeals Letters"). Horizon responded to the Appeals Letters with its own letters on October 19, 2010 (id., Ex. D) and December 28, 2010

2

(id., Ex. F) (collectively, the "Response Letters"), concluding that its benefit determination was consistent with the terms of the Plan and the updated out-of-network allowance for the reimbursement of nonparticipating New Jersey ASCs.

On September 14, 2012, MSC filed an Amended Complaint against Horizon alleging that it violated ERISA because its determination of the allowed amount for the sacroiliac injections was "arbitrary and capricious" and "far below the usual and customary rate" for that type of medical procedure. (Am. Compl. ¶¶ 26-30; Pl.'s Opp'n, Feb. 19, 2013, ECF No. 17). Horizon, however, contends that it properly reimbursed MSC for the claims at issue, and on January 10, 2013, it filed a Motion for Summary Judgment seeking to dismiss MSC's Complaint. (Def.'s Mot. 1). On February 19, 2013, MSC filed its Opposition to Horizon's Motion for Summary Judgment, and Horizon filed a Reply in support of its Motion on March 11, 2013.

## II. STANDARD OF REVIEW

Summary judgment is granted only if all materials of record, viewed in a light most favorable to the nonmoving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has carried its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue exists, the judge must weigh the sufficiency of the evidence to decide if a reasonable jury could find in favor of the nonmoving party. Anderson, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250.

3

III. **DISCUSSION**

Horizon moves for summary judgment arguing that: (a) it properly determined the allowed amount to be paid to MSC consistent with the language of the Plan and the updated out-of-network allowance for the reimbursement of nonparticipating New Jersey ASCs; and (b) its benefit determination should be reviewed by the Court under a deferential abuse of discretion standard.

**A. Horizon Properly Determined the Allowed Amount to be Paid to MSC Consistent with the Plan Language and Payment Schedule for Nonparticipating New Jersey ASCs**

Horizon argues that its Motion for Summary Judgment should be granted because it has the discretionary authority under the language of the Plan to determine the allowed amount for services rendered by an out-of-network provider and that its benefit determination was properly based on the recently updated out-of-network allowance for the reimbursement of nonparticipating New Jersey ASCs. (Def.'s Br. 1, 7). MSC, however, opposes Horizon's motion arguing that its benefit determination was "arbitrary and capricious" and significantly less than the "reasonable and customary" rate for similar medically necessary procedures in the same geographic area. (Pl.'s Opp'n Br. 2). This Court agrees with Horizon.

Under the express terms of the Plan, Horizon has the authority to determine the allowance to be paid to out-of-network providers. (Def.'s Br., Exh. A at 7). The Plan defines the allowance for an out-of-network provider as:

> An amount determined by [Horizon] as the least of the following amounts ... the amount determined for the service or supply based on the Resource Based Relative Value System promulgated by the Centers for Medicare and Medicaid Services; or ... an amount determined for the service or supply based on: (i) profiles compiled by [Horizon] based on the usual and prevailing payments made to

> providers for similar services or supplies in specific geographical areas; or (ii) similar profiles compiled by outside vendors.

(Def.'s Br., Exh. A at 7). By letters dated October 19 and December 28, 2010, Horizon informed MSC that the updated out-of-network allowance for nonparticipating New Jersey ASCs was based on the research and development of a nationally recognized healthcare consulting firm retained by Horizon. (Id., Exhs. D, F). Horizon also advised MSC that it sent correspondence to all existing and newly operational facilities to inform them of the updated allowance. (Id.) Moreover, the Plan states that all services and supplies provided by an out-of-network provider are to be reimbursed by Horizon at 70-percent of covered charges. (Id., Exh. A at 27-28). Thus, Horizon argues that it is entitled to summary judgment because its benefit determination was properly based on the plain language of the Plan and the updated out-of-network allowance compiled by an outside consultant. This Court agrees.

MSC contends that Horizon's benefit determination was "arbitrary and capricious" because it failed to: (a) provide any specific information regarding the method of its decision; and (b) reimburse MSC pursuant to the usual and customary rate. (Pl.'s Opp'n Br. 2). MSC's argument, however, cannot prevail for several reasons. First, MSC has failed to provide the Court with any specific facts from the record materials in support of its unfounded assertion that Horizon's benefit determination was "arbitrary and capricious." Second, Horizon properly based its benefit determination on the plain language of the Plan and the updated out-of-network allowance for reimbursement of nonparticipating New Jersey ASCs developed by its healthcare consultant. Third, Horizon properly notified MSC of the updated out-of-network allowance before it became effective. (Def.'s Br., Exhs. D, F). Therefore, the Court finds that Horizon properly determined MSC's benefit award.

**B. Horizon's Benefit Determination is Entitled to Substantial Judicial Deference**

Horizon also argues that it is entitled to summary judgment because the Court should review its benefit determination under a deferential abuse of discretion standard. (Id. at 6-7). Horizon contends that this standard is appropriate where the benefit plan provides the plan administrator with discretionary authority to make eligibility determinations. (Def.'s Reply 6). MSC, however, argues that Horizon's Motion should be denied because its benefit determination was "arbitrary and capricious." (Pl's Opp'n 6). MSC bases this part of its argument on the alleged fact that Horizon failed to disclose its methodology in making the benefit determination. (Id. at 6-7). This Court does not find merit in that assertion.

The Supreme Court, in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 105 (1989), considered the appropriate standard of judicial review of benefit eligibility determinations by plan administrators in the absence of specific guidance under ERISA. The Court, by analogy to trust law principles, held that a district court should review a denial of benefits under ERISA using a *de novo* standard unless the benefit plan confers discretionary power to the administrator to make benefit determinations. Id. at 115. If the plan gives the administrator such discretionary authority, a district court must review its decisions for abuse of that discretion.[1] Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008). Under this standard, the administrator's decision must be respected unless it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir. 2011) (citing Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011)).

---

[1] The Third Circuit has described the deferential standard of review as both an "abuse of discretion" and an "arbitrary and capricious" standard. See Howley v. Mellon Financial Corp., 625 F.3d 788, 793 n.6 (3d Cir. 2010) (citing Estate of Schwing v. Lilly Health Plan, 562 F.3d 522, 526 n.2 (3d Cir. 2009)). These characterizations are used interchangeably in the ERISA context. Id.

The Court agrees with Horizon that its benefit determination should be reviewed under a deferential abuse of discretion standard. The Court believes that deferential review is appropriate for several reasons. First, the Plan language clearly provides Horizon with discretionary authority to make benefit eligibility determinations. The Plan defines the allowance for out-of-network providers as: "An amount determined by [Horizon] . . . for the service or supply based on: (i) profiles compiled by [Horizon] based on the usual and prevailing payments made to providers for similar services or supplies in specific geographical areas; or (ii) similar profiles compiled by outside vendors." (Def.'s Mot., Exh. A at 7). Second, MSC has failed to put forth any specific facts or allegations, either in its Appeals Letters or its Opposition, to suggest that Horizon's benefit determination was "arbitrary and capricious." In fact, Horizon's decision was entirely consistent with the express language of the Plan, which permitted it to determine the allowance for an out-of-network provider based on research compiled by an outside consultant. (Id.) Moreover, the Plan provides that out-of-network providers are to be reimbursed at a rate of 70-percent of covered charges. (Id. at 27, 28). Third, the Court does not find any reason to believe that Horizon's decision was "without reason, unsupported by substantial evidence or erroneous as a matter of law."

## IV.   **CONCLUSION**

For the reasons stated, Horizon's Motion for Summary Judgment is **granted**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:         August 21, 2013
Original:     Clerk's Office
cc:           Hon. Joseph James B. Clark, U.S.M.J.
              All Counsel of Record
              File